NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL RHINE,

        Plaintiff-Appellant,

  v.

GINA PEREZ; UNITED STATES OF
AMERICA,

        Defendants-Appellees.

No. 22-35245

D.C. No.
2:21-cv-00876-RAJ-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted August 28, 2023[**]

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Daniel Rhine appeals the district court's dismissal of his defamation claim

against Gina Perez and the United States, which partially substituted itself as a

defendant pursuant to 28 U.S.C. § 2679(d). We have appellate jurisdiction under

28 U.S.C. § 1291. We review the district court's dismissal de novo. *Saleh v. Bush*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

848 F.3d 880, 886 (9th Cir. 2017). We affirm.

1. The only statements that Rhine challenges on appeal were made by Perez while she was an employee of the Federal Aviation Administration (FAA).[1] But the United States has substituted itself as a defendant with respect to those claims. *See* 28 U.S.C. § 2679(d) (Westfall Act). "A party may bring an action against the United States only to the extent that the government waives its sovereign immunity." *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). The Federal Tort Claims Act (FTCA) "represent[s] a limited waiver of that sovereign immunity for tort claims arising out of the conduct of a government employee acting within the scope of his or her employment." *Id*. But a defamation claim is not actionable under the FTCA, as the FTCA does not apply to "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h).

Rhine, however, also challenges the United States' partial substitution. To succeed in this challenge, Rhine "bears the burden of presenting evidence and disproving the [] decision to grant . . . scope of employment certification by a preponderance of the evidence." *Saleh*, 848 F.3d at 889 (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (per curiam)). Even assuming that Rhine's challenge

---

[1] Rhine's complaint describes two specific statements, one made on March 4, 2019, and the other made on July 12, 2019. He also mentions a statement made on January 24, 2020, but the complaint does not contain allegations related to this statement.

is preserved for appeal, he fails to meet that burden. Under Washington law, an employee acts outside of the scope of their employment when their actions are "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002) (en banc) (quoting Restatement (Second) of Agency § 228(2) (Am. L. Inst. 1958)). Because Perez made her statements about Rhine as a FAA employee, because the statements were made to FAA investigators, and because they concerned Rhine's alleged workplace conduct, Perez's statements were at least in part "actuated by a purpose to serve the" FAA. *Id*. The district court therefore correctly dismissed Rhine's defamation claim against the United States for lack of subject matter jurisdiction.[2]

2. To the extent that any claim remains against Perez, the district court correctly dismissed Rhine's complaint for failure to state a claim. Rhine fails to adequately plead the elements of a cause of action for defamation under Washington law: (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages. *Herron v. KING Broad. Co.*, 776 P.2d 98, 101 (Wash. 1989) (en banc).

---

[2] Although Rhine seeks "leave to amend through the FTCA," the district court's "[d]ismissal with prejudice and without leave to amend" was appropriate because "it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). As explained previously, the FTCA categorically does not apply to any claim arising out of libel or slander. *See* 28 U.S.C. § 2680(h).

"[E]xpressions of opinion" are "not actionable." *Robel*, 59 P.3d at 621 (citation omitted). The statements identified by Rhine amount to, at most, statements of opinion.

**AFFIRMED.**